```
___ FILED        ___ RECEIVED
___ ENTERED      ___ SERVED ON
              COUNSEL/PARTIES OF RECORD

     JUN 2 6 2012

   CLERK US DISTRICT COURT
     DISTRICT OF NEVADA
BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| RES-NV KOBIE CREEK, LLC, a Florida limited liability company, | 2:11-cv-00347-ECR-CWH |
| Plaintiff, | **Order** |
| vs. | |
| LARRY L. SAYERS, an individual; KOBIE CREEK, LLC, a Nevada limited liability company; SADIE ESTATES, LLC, a Nevada limited liability company; | |
| Defendants. | |

Plaintiff RES-NV Kobie Creek, LLC brought a deficiency action against Defendants. Now pending is Plaintiff's Motion for Default Judgment (#23) against Defendants Kobie Creek, LLC ("Kobie Creek") and Sadie Estates, LLC ("Sadie Estates"). The motion is ripe and we now rule on it.

### I. Background

On March 4, 2011, Plaintiff filed the Complaint/Application for Deficiency Judgment (#1). The Complaint alleges that Plaintiff is entitled to a judgment of approximately $5,412,092.30 against Defendant Kobie Creek and Defendant Larry L. Sayers ("Sayers"), who personally guaranteed Kobie Creek's obligations under a loan executed

on May 9, 2006 in the original principle amount of $4,038,000. (Id. ¶¶ 8, 11, 33-34.) The Complaint further alleges that Plaintiff is entitled to a judgment of approximately $4,767,356.40 against Defendant Sadie Estates and Sayers, who personally guaranteed Sadie Estates' obligations under a loan executed on April 20, 2007 in the original principal amount of $3,958,118. (Id. ¶¶ 17, 20, 38-39).

On September 14, 2011, the Clerk entered default (#20) as to Defendants Kobie Creek and Sadie Estates. On December 22, 2011, Plaintiff filed a Motion for Default Judgment (#23) against Defendants Kobie Creek and Sadie Estates. There was no response.

## II. Discussion

Prior to ruling on Plaintiff's Motion for Default Judgment (#23), the Court must first affirmatively determine its subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock W., Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). A district court may therefore *sua sponte* raise the issue of subject matter jurisdiction and must dismiss a case if no subject matter jurisdiction exists. FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff's Complaint (#1) alleges that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). To establish subject

matter jurisdiction based on diversity of citizenship, the party asserting jurisdiction must show complete diversity of citizenship among opposing parties an that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The citizenship of a limited liability company is determined by the citizenship of each of its owners/members. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 902 (9th Cir. 2006). Therefore, the Court must determine the citizenship of Plaintiff's member entities in order to determine the citizenship of Plaintiff.

Plaintiff RES-NV Kobie Creek, LLC is a Florida limited liability company which is wholly owned by its sole member Multibank 2009-1 RED-ADC Venture, LLC ("Multibank"). (Compl. ¶ 1 (#1).) Multibank is a Delaware limited liability company comprised of two members, RL RES 2009-1 Investments, LLC and the Federal Deposit Insurance Corporation ("FDIC"). (Id. ¶ 2.) RL RES 2009-1 Investments, LLC is a citizen of Delaware and Florida. (Id.) We therefore turn to the FDIC.

Prevailing Ninth Circuit case law holds that a federal corporation such as the FDIC "is not a citizen of any particular state for diversity purposes." Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Co., 492 F.2d 1325, 1329 (9th Cir. 1974). Plaintiff urges this Court to ignore the holding in Hancock, arguing that the decision was partly based on federal statutes evidencing a Congressional intent to limit federal jurisdiction over federal corporations, and which intent has since reversed itself with the enactment of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") which provides for federal question jurisdiction over civil actions where the FDIC is

a party. See Kirkbridge v. Cont'l Cas. Co., 933 F.2d 729, 731-32 (9th Cir. 1991). However, Hancock is still binding authority upon this Court, and we cannot ignore its holding because one of its bases has since been amended. The citizenship of Plaintiff's members is therefore Delaware, Florida, and "no particular State."

Pursuant to § 1332(a), this Court has jurisdiction over suits between citizens of different states and, conversely, lacks original jurisdiction over civil actions that are not between citizens of different states. "A suit in which one of the parties is a citizen of no particular State, is, by definition, a suit that is *not* between citizens of different states." CML-NV Cauldron, LLC v. Rapaport, Nos. 2:10-cv-00695-LDG (PAL), 2:11-cv-00289-LDG (RJJ), 2012 WL 553094, at *1 (D.Nev. Feb. 17, 2012) (citing Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 184 (3d Cir. 2008); ISI Int'l, Inc. v. Borden Ladner Gervais LLP, 316 F.3d 731, 733 (7th Cir. 2003)) (emphasis in original). Thus, the Court may not exercise diversity jurisdiction over the FDIC, and may not exercise diversity jurisdiction over limited liability companies of which the FDIC is a member, as many courts in this district have recently held. See, e.g., CML-NV Cauldron, LLC, 2012 WL 553094, at *1; CML-NV Two, LLC v. DGRE, LLC, No. 2:11-cv-00318-RLH-GWF, 2012 WL 234440, at *1 (D.Nev. Jan. 24, 2012); RES-NV APC, LLC v. Astoria Pearl Creek, LLC, No. 2:11-cv-00381-LDG(RJJ), at *2 (D.Nev. Nov. 4, 2011). The case must therefore be dismissed.

### III. Conclusion

Prevailing Ninth Circuit case law holds that the citizenship of a limited liability company is determined by the citizenship of its members and that federal corporations are not citizens of any state for diversity purposes. Accordingly, the Court may not exercise jurisdiction over Plaintiff, a limited liability company of which the FDIC is a member.

**IT IS, THEREFORE, HEREBY ORDERED** that the action is **DISMISSED** with prejudice.

The Clerk shall enter judgment accordingly.

DATED: June __22__, 2012.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE